In re Ross L. PEEBLES, et ux., Debtors.

William B. DUNLOP, et ux., et al., Plaintiffs–Appellants,

v.

Ross L. PEEBLES, Defendant–Appellee.

Civ. A. No. 3:88–0131.
Adv. No. 387–0228.

United States District Court,
M.D. Tennessee,
Nashville Division.

Aug. 23, 1988.

Fred E. Cowden, Jr. and Laura L. Chastain, Nashville, Tenn., for plaintiffs-appellants.

Sarah J. Turrell, Nashville, Tenn., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

NEESE, Senior District Judge, sitting by designation and assignment.

The appellants Mr. William B. Dunlop, Mrs. Carol B. Dunlop, and U.S.A. Insur-

ance Corporation of New York were given notice by the Bankruptcy Court of this District that August 7, 1987 (more than 30 days beforehand) was the time fixed for filing a complaint to determine their objection to the dischargeability of a debt owing to them by the debtors Mr. Ross Peebles, et ux., arising from the construction of a residence for such debtors. Rule 2002(f)(6), Bankruptcy Rules. Such appellants filed a complaint under 11 U.S.C. § 523(c) with such Court, to obtain a determination of the dischargeability of such debt, but not until September 17, 1987, Rule 4007(c), Bankruptcy Rules, without having sought timely enlargement of the time thus fixed.

Such Bankruptcy Court, on motion of the debtors, dismissed such complaint as untimely on January 22, 1988. This appeal ensued.

A bankruptcy court is limited to any extension of time for the taking of action under Rule 4007(c), *supra*, only to the extent and under the conditions stated in the latter rule. Rule 9006(b)(3), Bankruptcy Rules. That limitation is as follows:

"A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* [Emphasis added by this Court.]"

Rule 4007(c), *supra*. As no motion was made at all by the appellants, obviously no motion was made by them before the time fixed therefor had expired.

"Filing deadlines, like statutes of limitations, necessarily operate harshly and arbitrarily with respect to individuals who [may] fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced. 'Any less rigid standard would risk encouraging a lax attitude toward filing dates.' * * * " *United States v. Locke*, 471 U.S. 84, 100–01, 105 S.Ct. 1785, 1796, 85 L.Ed.2d 64 (1985), quoted in *Houston v. Lack*, —— U.S. ——, ——, 108 S.Ct. 2379, 2388 (dissenting opinion), 101 L.Ed.2d 245 (1988).

The appellants did not follow the pertinent procedural rules in a timely manner [*] and lost the opportunity they had to contest the dischargeability of the debtors' obligation to them. There was no error in the judgment of January 22, 1988 of the Bankruptcy Court of this District, *supra*, and it hereby is

AFFIRMED.

---

[*] Whatever the reason for such failure is irrelevant in this situation.